UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Case No. 04-469 (TFH) |
| *v.* : | |
| : | |
| BERNARD JORDAN : | |

_____

**DEFENDANT JORDAN'S MOTION FOR A BILL OF PARTICULARS**

Defendant Bernard Jordan ("Jordan"), by and through undersigned counsel, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, hereby respectfully moves the Honorable Court to direct the government to provide the defense a bill of particulars as requested. The information sought by Mr. Jordan is necessary to enable him to prepare an effective defense to the government's broad based conspiracy allegations. In support of this motion, Mr. Jordan states as follows"

1.  The government has charged Mr. Jordan in Count 1 of a four count superseding indictment, where it alleges that Mr. Jordan conspired with his codefendants to distribute and possess with intent to distribute narcotics. The indictment is devoid of any overt acts or other information concerning what it is that Mr. Jordan is alleged to have committed. Furthermore, the government's discovery reveals approximately four telephone calls wherein Mr. Jordan is alleged to make very brief telephone calls to a co-conspirator and discusses "sweatsuits."

2.  A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be

prosecuted for the same offense." United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. l988) (quoting United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. l987). All of these purposes will be served by a bill of particulars in this case.

3. For example, all of the requested particulars address the government's broad-ranging and ill-defined conspiracy allegations in Count One of the Indictment. The need for a bill of particulars in cases involving such broad conspiratorial allegations is well recognized. See United States v. Hubbard, 474 F. Supp. 64, 81 (D.D.C. 1979) (ordering the government to provide a list of all unindicted co-conspirators and all overt acts in furtherance of the conspiracy but not named in the indictment); See also United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979) (Ordering bill of particulars with regard to overt acts).

4. As a result, Mr. Jordan requests that the government provide the following particulars:

    a. Identify all overt acts upon which the government may rely at trial.

    b. Identify the transactions which provide the basis for the allegation that the alleged conspiracy involved more than 50 grams of cocaine base or more than 5 kilograms of cocaine powder.

    c. Identify the manner and means of the conspiracy.

    d. Specify what particular acts Mr. Jordan is alleged to have committed that the governments asserts are part of the conspiracy.

    e. Specify with particularity with whom Mr. Jordan is alleged to have agreed to distribute or possess with intent to distribute narcotics.

WHEREFORE, for all the foregoing reasons and any that may become apparent to the Court, Mr. Jordan respectfully requests that this motion be GRANTED.

Dated: Washington, DC
November 9, 2005

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo, Esq. (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001

*Counsel for Defendant Bernard Jordan*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of November 2005, I caused a true and correct copy of the foregoing Defendant Jordan's Motion for a Motion for a Bill of Particulars to be delivered to the parties in this case via Electronic Case Filing:

_____
A. Eduardo Balarezo