UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Case No. 04-469 (TFH) |
| *v.* : | |
| : | |
| BERNARD JORDAN : | |

___

**DEFENDANT JORDAN'S MOTION FOR SEVERANCE AND RELIEF
FROM PREJUDICIAL JOINDER AND INCORPORATED MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Bernard Jordan ("Jordan"), through undersigned counsel, respectfully moves this Court, pursuant to Federal Rules of Criminal Procedure 8(b), 14 and 47, the right to Due Process under the Fifth and Fourteenth Amendments of the United States Constitution, and in the interests of fundamental fairness, to sever his case from that of the codefendants in this case.

In support of this Motion, counsel states:

1.     In this case, the government has charged Mr. Jordan in a four-count superseding indictment with one count of Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base. Mr. Jordan is not charged or described as a leader or charged with any acts involving firearms or weapons.

2.     With the exception of the Count 1, which tracks statutory language, the indictment in this case does not state any overt acts or provide any scintilla of evidence related to Mr. Jordan. The voluminous discovery is this case does not provide any facts to support the charges against Mr. Jordan.

3. The limited allegation against Mr. Jordan will be unfairly obscured and overwhelmed by the government's evidence which implicates codefendants who are charged with, among other things, Unlawful Distribution of Cocaine and Aiding and Abetting, Unlawful Possession with Intent to Distribute Cocaine Hydrochloride and Aiding and Abetting and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense and Aiding and Abetting.

4. When a comparison is made between the charges against other defendants and those against Mr. Jordan, there is a significant disparity in the quantity and quality of the evidence. These differences are apparent from both the charges in the indictment and the documentary evidence provided in discovery. The cumulative amount of evidence against the other defendants is far greater than any evidence against Mr. Jordan.

5. Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> Joinder of Defendants: Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

F. R. Crim. P. 8(b). Under Rule 8(b) the language may not be read to embrace similar or even identical offenses unless those offenses are related. See United States v. Jackson, 562 F.2d 789, 796 (D.C. Cir. 1977).

6. Rule 14 of the Federal Rules of Criminal Procedure provides:

> If it appears that a defendant or the government is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

F. R. Crim. P. 14.  Accordingly, even assuming initial joinder is proper, there is a duty on the part of the trial judge to grant a severance if there is prejudice from joinder.  <u>United States v. Perry</u>, 731 F.2d 985 (D.C. Cir. 1984).  Where the quantum of evidence against other defendants far exceeds that against an individual defendant, severance is appropriate.  See <u>United States v. Mardian</u>, 546 F.2d 973 (D.C. Cir. 1976).  The Court has great latitude to sever  Defendants. <u>See</u> <u>United States v. Harrison</u>, 931 F.2d 65, 67 (D.C. Cir. 1991).

   7. The Supreme Court has stated that severance should be granted if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  See <u>Zafiro v. United States</u>, 113 S.Ct. 933, 938 (1993). "In all cases, the Court should be mindful of the serious risk of prejudice and overreaching that are characteristic of joint trials." <u>Zafiro</u>, 113 S.Ct. at 941.

   8. The D.C. Circuit has articulated standards that govern severance in conspiracy cases. The inquiry is: "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in light of its volume and limited admissibility." <u>United States v. Sampol</u>, 636 F.2d 621, 647 (D.C. Cir. 1980).  Where risk is high, the Court should sever.  See <u>United States v. Perry</u>, 731 F.2d 985 (D.C. Cir. 1984).

   9. There is a serious risk that the presence of codefendants charged with other offenses not pertaining to Mr. Jordan will profoundly undermine a jury's judgment regarding the specific innocence or guilt of Mr. Jordan.  Mr. Jordan defense will be compromised by inevitable spillover of the government's evidence against the codefendants, risking transference of guilt from codefendants to Mr. Jordan and resulting in substantial prejudice to him.

10. Moreover, the likelihood of confusion by the jury due to the disparity in volume, substance and quality of the evidence, the varying degrees of alleged involvement of each codefendant, and the specific details of various incidences and transactions would also have an unfair, adverse effect upon Mr. Jordan. Evidence presented at trial against codefendants charged with firearms and various other charges not pertaining to Mr. Jordan risks the ultimate prejudice to Mr. Jordan – guilt by association – the risk of *en masse* conviction at trial by a jury faced with *en masse* evidence. Accordingly, Federal Rule of Criminal Procedure 14 mandates severance of Mr. Jordan's case from that of his codefendants.

11. The often cited talisman of "judicial economy" is outweighed by undue prejudice to Mr. Jordan and the substantial risk of summary conviction. Considerations of judicial economy are minimal given that a separate trial of Mr. Jordan would require a brief period of the Court's time. See United States v. Mardian, 546 F.2d 973 (D.C. Cir. 1976)(enbanc) (limited period of defendants active involvement suggested minimal burden to retry him, requiring only a short trial and a small number of witnesses).

12. In addition, Mr. Jordan was indicated much after his co-defendants. As a result, Mr. Jordan will have much less time than his codefendants to investigate this case and prepare to face all the evidence the government will present against his codefendants.

WHEREFORE, for the foregoing reasons and for such other reasons as may be advanced at a hearing on this Motion, Mr. Jordan respectfully requests that the Court sever his case from all codefendants and order that he be tried alone.

Dated: Washington, DC
      November 8, 2005                    Respectfully submitted,

                                              **LAW OFFICE OF A. EDUARDO BALAREZO**

                                              _____
                                              A. Eduardo Balarezo (Bar No. 462659)
                                              400 Fifth Street, N.W.
                                              Suite 300
                                              Washington, D.C. 20001
                                              (202) 639-0999 (tel)
                                              (202) 783-5407 (fax)

                                              *Attorney for Bernard Jordan*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 8th day of November 2005, I caused a true and correct copy of the foregoing Defendant Jordan's Motion for Severance and Relief from Prejudicial Joinder and Incorporated Memorandum of Points and Authorities in Support Thereof to be delivered via Electronic Case Filing to the parties in this case.

                                                              _____
                                                               A. Eduardo Balarezo