UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 04-469-06 (TFH) |
| | : | |
| BERNARD JORDAN | : | |
| | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION
TO DISCLOSE THE IDENTITIES OF EACH
CONFIDENTIAL WITNESS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court deny Defendant's Motion to Disclose the Identities of Each Confidential Informant. In support of its Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the Defendant's Motion.

ARGUMENT

The Defendant seeks the disclosure of the identities of confidential informants who participated in, or were witnesses to, the crimes charges in the indictment. The Defendant is not entitled to such disclosure at this time. The government enjoys a qualified though "time honored privilege to withhold the identity of its informants from criminal defendants." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989). Thus, in making the determination whether disclosure of witness' identity to a defendant is necessary, the Court must balance the public's interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense. Roviaro, 353 U.S. 53, 63 (1975); United States v. Warren, 42 F.3d 647, 654 (D.C. Cir.

1

1994). The defendant bears the heavy burden of proving that disclosure of the informant's identity is necessary and relevant to the defense. Warren, 42 F.3d at 654; United Sates v. Staufer, 38 F.3d 1103, 1109 (9th Cir. 1994); United Sates v. Khosravi, 733 F. Supp. 137, 138 (D.D.C. 1990). More specifically, the defendant must allege how the informant will help establish his or her innocence; mere conclusory or speculative pleadings will not suffice. United States v. Skeen, 449 F.2d 1066, 1071 (D.C. Cir. 1971). There is no such specificity here.

The disclosure of the informants' names, to the extent that this Defendant does not already know them, would expose the informants to danger in the violent drug community. The informants' identities are therefore being withheld for their safety. Courts will not order disclosure where disclosure will place an informant in personal danger and the prospective testimony is not exculpatory. United States v. Pelton, 578 F.2d 701, 707-708 (8th Cir. 1978). There is nothing exculpatory about the prospective testimony of any informant or confidential employee. The government will, of course, supply defense counsel at the appropriate time with all information, if any, relevant to cross-examination of an informant, consistent with its obligation under Brady and Giglio.

The government anticipates calling a number of witnesses at trial to testify about their knowledge of the defendant's criminal activities. Some of these witnesses participated with the defendants in the drug transactions that make up the charged conspiracy. The remaining witnesses will simply testify about this defendant's criminal activities. With respect to the latter witnesses, they clearly are not "participants in transactions" within the meaning of Roviaro, and thus, their identities need not be disclosed. See United States v. Dark, 597 F.2d 1097 (6th Cir. 1979) (government not required to disclose names of witnesses it intends to call at trial); United States v.

Sclamo, 578 F.2d 888 (1st Cir. 1978) (purported need for disclosure generally to enable preparation for cross-examination does not constitute a sufficiently specific showing of materiality and reasonableness).

With respect to the identities of any cooperating informant who did participate in transactions with the defendant, the defendant is already aware of their identities. To the extent the defendant is not aware of the identity of those informants, his reliance on Roviaro to secure this disclosure is misplaced. Roviaro arose out of a situation in which the informant who participated in the charged offense was neither made available to the defendant nor testified at trial. In the instant case, if any participating informant does not testify at trial, the government will make that informant available to the defendant at his request. See, e.g., United States v. Foster, 815 F.2d 1200, 1202-1203 (8th Cir. 1987) (denial of defendant's motion to disclose informant's identity proper where informant testified at trial and was subject to cross-examination); see also United States v. Edwards, 47 F.3d 841, 843-44 (7th Cir, 1995) (no disclosure of identity required until immediately before testimony because witness faced substantial danger and defendant was not prejudiced).

In his motion for disclosure, Defendant also requests information pertaining to benefits that the informants have received from the government. To the extent that the Defendant is entitled to this information for impeachment purposes, the government intends to disclose all information required by Brady and Giglio, at the same time it discloses Jencks Act material, so that such information may be used during cross-examination. See also United States v. Phillips, 854 F.2d 273, 276 (7th Cir. 1988).

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny the Defendant's Motion to Disclose the Identities of Each Confidential Informant.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

_____
Arvind K. Lal
D.C. Bar No. 389496
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530

_____
James H. Dinan
D.C. Bar No. 412230
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be mailed and to be electronically transmitted to the attorney for the Defendant, A. Eduardo Balarezo, 400 Fifth Street, NW, Suite 300, Washington, D.C. 20001, on this 12th day of December, 2005.

_____
Arvind K. Lal
Assistant United States Attorney