## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No.: 04-469-06 (TFH)** |
| | **:** | |
| **BERNARD JORDAN** | **:** | |
| | **:** | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO
## SEVERANCE AND RELIEF FROM PREJUDICIAL JOINDER

_____The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in opposition to defendant Jordan's motion for severance and relief from alleged prejudicial joinder. The motion is devoid of merit and should be denied. The Government asserts the following in support of this opposition:

### Joinder and Severance in a Conspiracy Context

### A. Facts Relevant to Joinder and Severance

On September 8, 2005 the Grand Jury returned a Four Count Superseding Indictment against Billy Joe Simon, Gary Henry Ross, and Bernard Michael Jordan, among others. Count One charges each Defendant with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846. Count Two charges Ross with Unlawful Distribution of Cocaine and Aiding and Abetting in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(C) as well as 18 U.S.C. § 2. Counts Three and Four charge both Ross and Simon with Unlawful Possession With Intent to Distribute Cocaine Hydrochloride and Aiding and Abetting in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(C) as well as 18 U.S.C. § 2 and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense and

1

Aiding and Abetting in violation of 18 U.S.C. §§ 924(c)(1) and 18 U.S.C. § 2, respectfully.

## B.  Joinder is Proper

Charges against defendants are properly joined pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, when the various defendants are charged with participating in a "series of acts or transactions" that are part of a common scheme or plan.  United States v. Brown, 823 F.2d 591, 598 (D.C. Cir. 1987).  United States v. Perry, 731 F.2d, 985, 990 (D.C. Cir. 1984). There is a valid basis for joinder when there is a common thread or logical relationship between the acts or transactions charged in the indictment.  United States v. Spriggs, 102 F.3d 1245, 1255 (D.C. Cir. 1996), cert. denied, 522 U.S. 831 (1997).  The general rule in federal court is "defendants who are jointly indicted should be tried together and this rule applies with particular force to conspiracy cases."  United States v. Edelin, 118 F.Supp. 2d 36, 40, (D.D.C. 2000). (Quoting United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983), cert. denied, 465 U.S. 1108 (1984); United States v. Cassano, 132 F.3d 646, 650-51 (11th Cir. 1998)).

The law in this Circuit is that "joint trials are favored in [conspiracy] cases . . . where . . . the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve two defendants who are charged, inter alia, with participating in the same illegal acts."  United States v. Richardson, 167 F.3d 621, 624 (D.C. Cir. 1999), quoting United States v. Ford, 870 F.2d 729, 731 (D.C. Cir. 1989).  This principle has recently been applied by this Court in pretrial rulings denying severance in several conspiracy prosecutions.  United States v. Edelin, 118 F. Supp.2d 36, 40 (D.D.C. 2000); United States v. Gray, 173 F. Supp.2d 1, 5 (D.D.C. 2001).  "Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)(quoting United States v. Wint, 974

F.2d 961 (8th Cir.), cert. denied, 50 U.S. 1062 (1993). Joinder of conspiracy charges and

defendants is preferred to preserve judicial resources, produce consistent verdicts, minimize the

burden on jurors, witnesses, defendants, and attorneys, among other reasons. Buchanan v.

Kentucky, 483 U.S. 402, 418 (1987).

      In interpreting Rule 8(b), the Court of Appeals has held that joinder is proper if "there is a

logical relationship between the acts or transactions within the series." United States v. Perry,

731 F.2d 985, 990 (D.C. Cir. 1984) (upholding joinder in drug prosecution, even though one of

the defendants not charged in one of the transactions, because government showed a common

scheme or plan spanning both transactions and defendants). Additionally, joinder is not improper

simply because a defendant "may not be charged on [a particular] offense." Id.

      In this case, there is clearly a "logical relationship" between the acts charged in the

indictment. All three of the defendants are charged with conspiring together to distribute and

possess with intent to distribute cocaine and cocaine base. During the wiretap of Ross' phone, he

was intercepted having coded conversations with many individuals regarding the charged

conspiracy. Jordan was also overheard on multiple occasions requesting Ross to drop off "sweat

suits" and "little ones," which are known code words for different quantities of cocaine. Thus,

the "logical relationship" between the counts is that they are reciprocal and interconnected. See

United States v. Halliman, 923 F.2d 873, 883 (D.C. Cir. 1991) (co-defendant properly joined

where government showed that they participated in the same drug distribution scheme); United

States v. Johnson, 46 F.3d 1166, 1172 (D.C.Cir. 1995) (joinder proper if "defendants' offenses

arose out of the same scheme") (citing United States v. Halliman, supra, 923 F.2d at 883.

## B. Severance is not warranted

This Court has wide discretion in determining severance.  United States v. Butler, 822 F.2d 1191, 1196 (D.C. Cir. 1987).  One of the main factors that this Court should consider in making its severance determination is the furtherance of the judicial system's strong and legitimate interest in efficient and expeditious proceedings.  United States v. Long, 905 F.2d 1572 (D.C. Cir.), cert. denied, 498 U.S. 948 (1990).  Factors that the court should consider include: (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal act.  United States v. Manner, 887 F.2d 317 (D.C. Cir. 1989), cert. denied, 493 U.S.1062 (1990); United States v. Tarantino, 846 F.2d 1384 (D.C. Cir.), cert. denied, 488 U.S. 867 (1988).

Defendants bear the burden of proving prejudicial joinder under the Fed. R. Crim. P. 14(b).  Rule 14 countenances some prejudice to a defendant from a joint trial, and severance is not required simply because a defendant might have a better chance of acquittal if tried separately.  United States v. Halliman, supra, 923 F.2d at 884 (citing United States v. Manner, supra, 887 F.2d at 324.  In making a determination on severance, the Court must balance the risk of prejudice to the defendant against the interest in judicial economy.  United States v. Butler, supra, 822 F.2d at 1194.  The Court of Appeals has struck a balance in favor of joint trials.  United States v. Leonard, 494 F.2d 955, 965 (D.C. Cir. 1974).  To warrant severance, the risk of prejudice must be compelling.  United States v. Cross, 928 F.2d 1030 (11th Cir. 1991), cert. denied, 502 U.S. 1060 (1992).

Defendant asks the Court to sever his trial because there is disparity in the volume, substance and quality of evidence.  Such a request is rarely granted before trial for the

fundamental reason that it is difficult to assess a claim of disparate evidence until all of the

evidence is produced.  See, e.g., United States v. Haldeman, 559 F.2d 31, 72-73 (D.C. Cir. 1976),

cert. denied, 431 U.S. 933 (1977).  A joint trial is inappropriate only when the party moving for

severance shows that the evidence against one defendant is "far more damaging than the

evidence against the other defendant."  United States v. Tarantino, supra, 846 F.2d at 1398 (D.C.

Cir. 1988(; accord, United States v. Halliman, supra, 923 F.2d at 884.  Absent a dramatic

disparity of evidence, any prejudice caused by joinder is cured by instructing the jury to consider

separately the evidence implicating each defendant.  United States v. Tarantino, supra, 846 F.2d

at 1400.

        In this case, there is no basis for granting Defendant's severance motion on the ground of

disparate evidence.  The evidence against the defendant is substantial, and includes evidence

derived for a court ordered wire interceptions and other tangible and testimonial evidence.

Moreover, Defendant has requested the most drastic remedy - severance - for preventing the jury

from cumulating evidence and inferring a criminal disposition solely from the number of counts

and defendants in the case.  However, if appropriate, there are other, more tailored. measures that

are available to safe guard the defendant's trail rights.  Instructing the jury to keep the evidence

separate and to consider against a particular defendant only the evidence pertaining to him would

clearly be effective in this trial.  As the Court of Appeals said in United States v. Butler, supra:

> Instructions to the jury to consider the evidence separately against
> each defendant, such as were given in this case, provide significant
> safeguards against the dangers of prejudice (citation omitted).

822 F.2d at 1194.

Defendant's suggestion tat not much time would be required for a separate trial are also incorrect.  All of the evidence that the Government presents to prove thee conspiracy against defendants Ross and Simon would again have to presented in a trial against defendant Jordan. The defendant's involvement in the conspiracy and his activities as a drug dealer date back multiple years.  If Jordan were severed out, the Court would have to hold two lengthy trials instead of one. [1]

Defendant has not made a sufficient showing of potential prejudice from his joint trial on all the counts of the indictment to overcome the well-established judicial preference that individuals charges together will be tried together.  <u>United States v. Long</u>, <u>supra</u>, 905 F.2d at 1581 ("The judicial system has a strong and legitimate interest in efficient and expeditious proceedings, and hence the system favors the joint trial of co-defendants").

_____

[1]/  Severance is not the answer to defendant's complaint that he will have less time than the co-defendants to investigate the case.  There are other procedural avenues available to address that concern.

## CONCLUSION

WHEREFORE, the United States respectfully submits that the defendant Bernard

Jordan's Motion for Severance should be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

_____

Arvind K. Lal
D.C. Bar No. 389496
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530

_____

James H. Dinan
D.C. Bar No. 412230
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be mailed and to be electronically transmitted to the attorney for the Defendant, A. Eduardo Balarezo, 400 Fifth Street, NW, Suite 300, Washington, D.C. 20001, on this 12th day of December, 2005.

_____

Arvind K. Lal
Assistant United States Attorney

7