UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | Criminal No.: 04-469-01 (TFH) |
| : | |
| BERNARD JORDAN : | |
| : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT S MOTION
FOR DISCOVERY OF CO-DEFENDANT AND
CO-CONSPIRATORS STATEMENTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court deny Defendant's Motion for Discovery of Co-Defendant and Co-Conspirators Statements. In support of its Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the Defendant's Motion.

**ARGUMENT**

Defendant moves the Court for an order directing the government to provide discovery of any statements that the government intends to offer against him pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. This motion is without merit.

There is no authority for the Court to compel discovery of coconspirator statements. In Tarantino, the D.C. Circuit stated:

> We believe, however, that we are without authority to order such discovery. Nothing in the Federal Rules of Evidence or in the Jencks Act requires such disclosure – we think it clear that as used in Fed. R. Crim. P. 16(a)(1)(A) the phrase "statements made by the defendant" does not include statements made by co-conspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay. Once appellant's imaginative

1

> reading of 16(a)(1)(A) is rejected, no other authority is suggested for this type of discovery order. Under our law, the adversary system is "the primary means by which truth is uncovered." <u>Bagley</u>, 473 U.S. at 675, 105 S. Ct. at 3380. We decline to extend the defendant's right to discovery beyond that required by statute or the Constitution. We note this result is in agreement with every other circuit that has examined the question.

<u>United States v. Tarantino</u>, 846 F.2d 1384, 1418 (D.C. Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 867 (1989) See also <u>United States v. Orr</u>, 825 F.2d 1537 (11th Cir. 1987); <u>United States v. Roberts</u>, 811 F.2d 257 (4th Cir. 1987) (<u>en banc</u>); <u>United States v. Percevault</u>, 490 F.2d 126 (2nd Cir. 1974). The government will, of course, disclose such statements to the extent disclosure is required by the Jencks Act or <u>Brady</u>.

The cases recited by the defendant also do not support his request. In <u>United States v. Disston</u>, 612 F.2d 1035, 1037 (7th Cir. 1980), the Court held that Rule 16(a) of the Federal Rules of Criminal Procedure only applies to statements of a defendant although on certain occasions, the court had held that the rule may require statements of co-defendants. The case has nothing to do with the statements of coconspirators. In <u>United States v. Perce vault</u>, 490 F.2d 126 (3rd Cir. 1974), the trial court had ordered the Government to turn over the statements of co-conspirators prior to trial. The Second Circuit reversed that decision and held that the trial court exceeded its "authority in compelling pretrial disclosure of statements made by prospective government witnesses." <u>Id</u>. at 132. Finally, in <u>United States v. McMillen</u>, 489 F.2d 229 (7th Cir. 1972), the Seventh Circuit issued a writ of mandamus to deny the defense access to a co-conspirator's statements until he testified at trial.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny the Defendant's Motion for Discovery of Co-Defendants and Co-Conspirators Statements.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    D.C. Bar No. 451058

---

    Arvind K. Lal
    D.C. Bar No. 389496
    Assistant United States Attorney
    555 Fourth Street, NW
    Washington, DC 20530

---

    James H. Dinan
    D.C. Bar No. 412230
    Assistant United States Attorney
    555 Fourth Street, NW
    Washington, DC 20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be mailed and to be electronically transmitted to the attorney for the Defendant, A. Eduardo Balarezo, 400 Fifth Street, NW, Suite 300, Washington, D.C. 20001, on this 12th day of December, 2005.

---

    Arvind K. Lal
    Assistant United States Attorney